IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOUNTAIN STATES MUTUAL
CASUALTY COMPANY,

        Plaintiff/Counter-Defendant

vs.                                                                         No. 09-CV-314-MCA/WDS

SOUTHERN COLORADO CONSTRUCTION, INC.,
and CHARLES SCHERRER,

        Defendants/Counter-Claimants.

**ORDER**

        This matter is before the Court *sua sponte*.

        In order for the Court to fully address certain pretrial matters and matters that may arise at trial, the parties are hereby directed to submit simultaneous briefs which address the following issues:

        1.     In consideration of the pending trial, which party should proceed first with its case in chief? Should Mountain States, as the nominal plaintiff, proceed first or should Southern Colorado and Scherrer, as insureds claiming coverage and as counter-claimants, proceed first? For reference, see *James River Ins. Co. v. Rapid Funding, LLC*, Civ. No. 07-cv-01146-CMA-BNB, 2008 WL 5378143 *4 (D. Colo. Dec. 23, 2008).

        2.     Is there a material difference between the interpretation of the relevant policy provisions under Colorado law and the interpretation of the relevant policy provisions under New Mexico law? If so, does Colorado law govern the interpretation of the policies to the

exclusion of New Mexico law?  (The parties' briefing of this choice of law issue thus far has not been particularly helpful to the Court.)

3. With respect to the issue of counsel as witnesses as addressed in pending motions, are attorneys Grisham and Fields subject to disqualification pursuant to NMRA 16-307 and D.N.M. LR-Civ. 83.9?  The Court is particularly concerned with how the parties intend to deal at trial with the assertion in Mr. Field's letter of March 30, 2009 regarding a prior conversation in which Mr. Grisham is alleged to have made an admission against his client's interest.  [Doc. 58-1 at 40]

4. In light of the pending underlying action, *Phelps et. al v. Scherrer*, et al., CV 2008-10408 (Bernalillo County District Court), should the instant federal case be stayed pending resolution of the underlying action?  *See, e.g.*, *Allstate Property and Cas. Ins. Co. v. Salazar-Castro*, Civ. Action No. 08-2110-CM, 2009 WL 99157 (D. Kan. April 14, 2009).  It appears to the Court that in view of settled principles of issue preclusion, *e.g.* Restatement (Second) Judgments §§ 27, 58, determinations of material fact made in underlying case will bind the parties to the present coverage dispute, thereby eliminating the need for fact finding in the instant case.  In particular, in view of the allegations in the amended complaint in the underlying case, [Doc 58-1 at 50, ¶ 4] the underlying case necessarily will resolve the critical coverage issues of whether Scherrer was acting in the scope of his employment or furthering the business interests of  Southern Colorado at the time of the accident.

The parties shall simultaneously file separate briefs addressing the issues set out above on or before September 7, 2010.  Each brief shall not exceed seventeen (17) pages in length.  No responses or replies will be allowed.  The parties are strongly encouraged to meet and confer to ascertain whether they can resolve any of the issues or the Court's concerns by stipulation.

Counsel for the parties should be prepared to address the above concerns at the Call of the Calendar.

**SO ORDERED this 1st day of September 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE