IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MOUNTAIN STATES MUTUAL
CASUALTY COMPANY,

       Plaintiff/Counter-Defendant

vs.                                                                                 No. 09-CV-314-MCA/WDS

SOUTHERN COLORADO CONSTRUCTION, INC.,
and CHARLES SCHERRER,

       Defendants/Counter-Claimants.


## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon *Defendants/Counterclaimants' Motion for Partial Summary Judgment*. [Doc. 28]  By their motion, Defendants/Counterclaimants' Southern Colorado Construction, Inc. ("SCCI") and Charles Scherrer seek a partial summary judgment declaring that Plaintiff/Counter-Defendant Mountain States Mutual Casualty Company ("Mountain States") owes them an obligation to defend and indemnify them in an underlying personal injury case.  For the reasons that follow, the Court will deny the instant motion.

**BACKGROUND**

This insurance coverage dispute was brought as a declaratory judgment action by Mountain States against its named insured, SCCI, and Charles Scherrer, a shareholder and officer of SCCI. [Doc. 1] SCCI and Scherrer have counterclaimed, asserting claims for declaratory relief, common-law bad faith,  and violation of NMSA 1978, § 59A-16-20. [Doc. 4]

The Court has previously set out the pertinent policy provisions and the general background of this case in its Memorandum Opinion and Order denying Mountain States'

motion for summary judgment. [Doc. 125]

**DISCUSSION**

Fed. R. Civ. P. 56(b) provides that "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Rule 56(c)(2) provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." As our Court of Appeals has succinctly stated:

> Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . .the moving party is entitled to a judgment as a matter of law." A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented.

*Adamson v. Multi Community Diversified Serv., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008)."The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment." *Breyers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). "It is not [the court's] province at the summary judgment stage to weigh the evidence or to make credibility determinations." *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1105-06 (10th Cir. 2008). Furthermore, as a leading treatise has observed:

> summary judgment for claimants is relatively rare, even in cases controlled by the preponderance of the evidence standard, because a movant who is also a claimant must do more than a defendant because the burden of proof is placed on claimants rather than defendants, a factor that often proves decisive. . . . The defendant movant is not required to "prove" nonliability or to negate a crucial element of the claim. . . . Rather, the defendant need only demonstrate the absence of substantial evidence concerning a single essential element of plaintiff's claim. By contrast, the claimant movant must . . . establish a right to summary judgment by showing that the pretrial record demonstrates that the claimant movant is entitled to judgment as a matter of law and that no reasonable factfinder at trial could fail to regard the claimant as having discharged its preponderance of the evidence

burden.

11 *Moore's Federal Practice* 56-35 (3d ed. 2010). To the extent SCCI and Scherrer seek summary judgment on their counterclaim, they are claimants, and therefore assume the heavy burden described above.

The hurdle faced by SCCI and Scherrer in moving for summary judgment on the question of coverage largely stems from the nature of their evidence: the post-accident statements of Scherrer and two SCCI employees. [Doc. 29 at 4, ¶ 10] The Court previously denied Mountain States' motion for partial summary judgment because a jury that believes the testimony of Scherrer, Susan Phelps, and SCCI employees Alex and Karen Nuzzo could find that Scherrer's trip to Albuquerque was motivated by an intention to further SCCI's business interests. In denying Mountain State's motion, the Court merely recognized that a jury *could* believe SCCI and Scherrer's witnesses, *not* that a jury necessarily *would* believe them. Significantly, SCCI and Scherrer have no documentary evidence created prior to the trip establishing Scherrer's intention to visit Adobe for business purposes. The case for coverage, therefore, largely turns upon the jury's willingness to accept the testimony of Scherrer, Susan Phelps, and two SCCI employees. In view of Scherrer's limited personal liability coverage for his motorcycle and the severity of the injuries suffered by the Phelps, a reasonable jury could infer a motive for Scherrer and Phelps to fabricate a business-related purpose in order to tap SCCI's liability coverage.[1] Scherrer's own attorney recognized that a judgment in excess of his personal liablity coverage

---

[1] In making this observation, the Court is in no way expressing an opinion as to the credibility of Scherrer, Susan Phelps, or Alex and Karen Nuzzo. Rather, the Court is merely recognizing that resolving issues of witness credibility is a matter reserved to the jury, and that "[i]t is not [the Court's] province at the summary judgment state to weigh the evidence or make credibility determinations." *Sanders*, 544 F.3d at 1105-06.

might force Scherrer into bankruptcy. [Doc. 59-1 at 36]  "Summary judgment should not be used to prevent the necessary examination of conflicting testimony and credibility in the crucible of a trial."  *Fisher v. Shamburg*, 624 F.2d156, 162 (10th Cir. 1980). "Affidavits are not a substitute for trial and summary judgment is improper where an issue turns on credibility. . . . And it is particularly wrong to base a summary judgment on [the out-of-court averments] of  an interested party on facts. . . known only to him[,] a situation where demeanor evidence might serve as real evidence to persuade a trier or fact to reject his testimony." *Nat'l Aviation Underwriters, Inc., v. Altus Flying Serv., Inc.*, 555 F.2d 778, 784 (10th Cir. 1977) (citations omitted).  Furthermore, in its response, Mountain State cites a number of circumstances that a jury might view as suggestive of post-accident fabrication of a business purpose for the trip to Albuquerque. See Mountain State's Response [Doc. 37] at 5-7. Thus, Mountain State has done more than merely assert that the jury might disbelieve SCCI and Scherrer's witnesses. *Cf.  Wood v. Handy & Harman Co.*, 318 Fed. Appx. 602, 607 (10th Cir. 2008) (summarizing evidence that "takes [nonmovant's] argument beyond a bare assertion that the jury might disbelieve [the movant's witnesses]."  Construing the evidence in the light most favorable to Mountain States as the non-movant,  *Breyers*, 150 F.3d at 1274, the Court concludes that a reasonable jury could find either: (1) that SCCI and Scherrer's evidence of a business purpose is not credible, or (2) that the relationship between Scherrer's operation of his motorcycle and SCCI's business  at the time of the accident was too attenuated to render Scherrer's operation of his personally owned motorcycle "in connection with [SCCI's] business," "used in [SCCI's] business," or "with respect to [Scherrer's] duties as [SCCI's] officer[] or  director[]" as required by Mountain States' policy language.  Either of these adverse findings would defeat SCCI and Scherrer's claim for coverage. SCCI and Scherrer have not met their heavy burden of demonstrating that no reasonable factfinder could find in Mountain States'

favor. With respect to coverage, this case presents an evidentiary stalemate that must be decided at trial.

**CONCLUSION**

SCCI and Scherrer have failed to demonstrate the absence of a genuine issue of fact as to the critical questions of whether Scherrer's use of his personal motorcycle during the trip to Albuquerque was "in connection with [SCCI's] business" or "used in [SCCI's] business" or "with respect to [Scherrer's] duties as [SCCI's] officer[] or director[]." Accordingly SCCI and Scherrer's motion for partial summary judgment must be denied.

WHEREFORE,

IT IS HEREBY ORDERED that *Defendants/Counterclaimants' Motion for Partial Summary Judgment* [Doc. 28] is **denied**.

**SO ORDERED this 10th day of September, 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE